IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01303-BNB

QUENTIN E. OLER,

        Plaintiff,

v.

LOGAN COUNTY JAIL,
GIDGET HJELM, Correctional Sergeant, Logan County Jail,
JOHN JOHNSON, Administrator, Logan County Hail, and
OFFICER RIOS, Correctional Officer, Logan County Jail,
        all in their individual and official capacities,

        Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Quentin E. Oler, currently is a prisoner in Rawlins, Wyoming. He formerly was an inmate at the Logan County Jail in Sterling, Colorado. Mr. Oler has filed *pro se* a civil rights complaint for money damages and declaratory relief pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006), and has paid the initial partial filing fee.

The Court must construe the complaint liberally because Mr. Oler is representing himself. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Oler will be ordered to file an amended complaint.

Mr. Oler alleges that Gidget Hjelm, a named defendant and a correctional officer at the Logan County Jail, ignored his requests for protection before he was assaulted by co-inmates. He further alleges that, as a result of her failure to protect him, he was assaulted by three or four co-inmates and suffered severe lacerations requiring stitches over his right eye. He asserts that he also received numerous bruises and suffered other minor injuries to his torso. On the basis of these allegations, he contends that the defendants failed to protect him from harm.

Mr. Oler may not sue the Logan County Jail. The jail is not a separate entity from Logan County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the Logan County Jail must be considered as asserted against Logan County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Oler cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v.*

*Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Oler should name as defendants the persons he believes actually violated his constitutional rights. In order for Mr. Oler "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

Mr. Oler must allege facts to demonstrate that each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Oler must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Oler file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the amended complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States

District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Oler, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Rodriguez submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Oler fails within the time allowed to file an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED August 6, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01303-BNB

Quentin E. Oler
Platte County Detention Center
PO Box 1029
Wheatland, WY 82201-1029

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___8/6/07___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk